UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR WILLIAMS,<br><br>Defendant. | No. 2:13-cr-00383-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Omar Williams's ("Defendant") Motion for Compassionate Release. (ECF No. 83.) Defendant also filed a supplement to his motion. (ECF No. 84.) The Government filed an opposition. (ECF No. 85.) Defendant filed a reply. (ECF No. 87.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2017, Defendant pleaded guilty to two counts of a three-count indictment: (1) possession with intent to distribute a mixture and substance containing a detectable amount of a form of cocaine base known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 60.)  On March 1, 2018, the Court sentenced Defendant to a 151-month term of imprisonment to be followed by a 60-month term of supervised release.  (ECF No. 79.) Defendant is currently serving his sentence at Lompoc FCC.  He has served approximately 79 months of his 151-month sentence of imprisonment, and his projected release date is July 2024.

On June 5, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 83.)  Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.  (*Id.* at 24.)  Defendant is 46 years old and claims he is particularly vulnerable to COVID-19 because he suffers from obesity and hypertension.  (*Id.* at 6.)  Defendant also indicates he has a history of smoking cigarettes.  (ECF No. 87 at 5.)  He cites the conditions of confinement at FCC Lompoc as an additional factor in his vulnerability.  In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (ECF No. 85 at 10–16.)

### II.     ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on May 1, 2020. The warden denied Defendant's request on May 26, 2020. Because 30 days have passed since May 1, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he is 280 pounds and 5'11", which places him at the high end of the obese category with a body mass index ("BMI") of 39. Defendant's records also indicate he has essential (primary) hypertension. In addition, Defendant submitted a declaration from a doctor, Dr. Catherine Pearson, who reviewed Defendant's medical records and concluded Defendant's multiple conditions place him at risk of severe COVID-19 illness. (ECF No. 84-1.)

The Court is mindful that people with certain medical conditions, including hypertension and obesity, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his medical conditions qualify as an "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. As the Government points out, the CDC has not listed essential (primary) hypertension as a condition that puts

individuals at a higher risk of severe illness.[1]  Further, Defendant's medical records indicate he takes medication for his hypertension.  As to Defendant's obesity, Defendant does not currently fall into the high-risk group of "severe obesity," which the CDC defines as people with a BMI of 40 or above.[2]  While Dr. Pearson states Defendant has multiple medical conditions that make it likely he has underlying cardiovascular disease, there is no evidence Defendant actually suffers from any underlying cardiovascular conditions other than hypertension.  (ECF No. 84-1 at 2.)  Similarly, although Dr. Pearson states past smokers are more likely to have severe disease or die from COVID-19, there is no evidence that Defendant suffers from any underlying respiratory conditions.  (*Id.* at 3.)

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  Moreover, at age 46, Defendant does not satisfy the statute's age-related conditions and is not in the high-risk age category for COVID-19.  *Id.*  While the Court is aware that FCI Lompoc has had one of the worst COVID-19 outbreaks of any federal prison, most of those inmates have since recovered.  As of the date of this Order, the BOP reports only 1 active case and 874 recovered inmates at FCI Lompoc.  Despite the prevalence of the disease in this facility, Defendant has not met his burden to show Defendant is at great and particularized risk due to his specific medical conditions.  As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging.  *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his

---

[1]   *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (listing pulmonary hypertension but not essential (primary) hypertension and indicating those with hypertension should manage their blood pressure by taking medication as directed).

[2]   *See id.*

4

1  release.  Therefore, the Court need not address whether Defendant is a danger to the community
2  or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors.  *See* U.S.S.G. § 1B1.13(2) (requiring a defendant
3  to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see*
4  *also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting
5  compassionate release).

6  However, the Court does note its concerns that Defendant is a continuing danger to the
7  community based on his extensive criminal history — which primarily consists of firearm and
8  drug trafficking offenses — as well as his past affiliation with the Meadowview Bloods criminal
9  street gang.  Defendant also has a history of supervised release violations and was on supervised
10 release at the time of the offense that led to his current imprisonment.  Although the Court
11 commends Defendant for his acceptance of responsibility and good conduct while in prison, the
12 Court finds that Defendant still poses a danger to the community.

13 Finally, it also bears mentioning that Defendant's 151-month sentence is already well
14 below the effective guidelines range of 262–327 months.  Defendant seeks to reduce his sentence
15 to time served despite having served only approximately 79 months of his sentence.  In other
16 words, Defendant is seeking a reduction from a well-supported, below-guideline, 151-month
17 sentence to a considerably lower 79-month sentence.  Based on the record before the Court, the §
18 3553(a) factors do not support such a drastic reduction.

### III. CONCLUSION

20 For the foregoing reasons, the Court hereby DENIES Defendant's Motion for
21 Compassionate Release.  (ECF No. 83.)

22 IT IS SO ORDERED.

23 DATED:  June 19, 2020

Troy L. Nunley
United States District Judge