UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR WILLIAMS,<br><br>Defendant. | No. 2:13-cr-00383-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Omar William's ("Defendant") Motion for Reconsideration. (ECF No. 91.) The Government did not file an opposition. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///
///

1

## I.    Factual and Procedural Background

On August 3, 2017, Defendant pleaded guilty to two counts of a three-count indictment: (1) possession with intent to distribute a mixture and substance containing a detectable amount of a form of cocaine base known as crack cocaine in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 60.) On March 1, 2018, the Court sentenced Defendant to a 151-month term of imprisonment followed by a 60-month term of supervised release. (ECF No. 79.) Defendant is currently serving his sentence at USP Lompoc. He has served approximately 80 months of his 151-month sentence of imprisonment, and his projected release date is July 2024.

On June 5, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 83.) Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 24.) Defendant is 46 years old and claimed he is particularly vulnerable to COVID-19 because he suffers from obesity and hypertension. (*Id.* at 6.) Defendant also indicated he has a history of smoking cigarettes. (ECF No. 87 at 5.) He cited the conditions of confinement at Lompoc as an additional factor in his vulnerability.

On June 19, 2020, the Court denied Defendant's motion because Defendant did not meet his burden to show "extraordinary and compelling reasons" for his release. (ECF No. 90 at 4–5.) The Court also found Defendant to be a continuing danger to the community and noted that the 18 U.S.C. § 3553(a) factors did not support Defendant's request for a drastic sentence reduction. (*Id.* at 5.) Defendant filed the instant motion for reconsideration on June 29, 2020. (ECF No. 91.)

## II.    Standard of Law

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are

2

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III. ANALYSIS

In moving the Court to reconsider its denial of compassionate release, Defendant argues the Centers for Disease Control ("CDC") revised its guidelines on June 25, 2020, to clarify that people of any age who are obese — meaning a body mass index ("BMI") of 30 or higher — are at an increased risk of severe illness from COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 22, 2020).  Moreover, the CDC now notes that people with hypertension or high blood pressure might be at an increased risk for severe illness.  *See id.*

Defendant is correct that the CDC guidelines regarding COVID-19 have changed since the Court's prior ruling.  More specifically, the CDC previously had not listed essential (primary) hypertension as a condition that may put individuals at a higher risk of severe illness.  Further, the CDC previously had only listed "severe obesity" as a risk factor, which the CDC defined as people with a BMI of 40 or above.  Because the revised CDC guidelines did not exist before the Court's prior ruling and could not have been raised in the prior motion, the Court will consider these new or different facts under Local Rule 430.1(i).  However, as will be explained in more detail below, these new or different facts are insufficient to change the Court's prior ruling.

As discussed in the Court's previous order, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Despite the new CDC guidelines, Defendant still has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"

1  requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering
2  from a serious physical or medical condition, serious functional or cognitive impairment, or
3  deteriorating physical or mental health because of the aging process, "that substantially
4  diminishes the ability of the defendant to provide self-care within the environment of a
5  correctional facility and from which he or she is not expected to recover." *Id.*

6        As mentioned in the Court's previous order, Defendant's medical records — filed under
7  seal — indicate that as of February 24, 2020, he was 280 pounds and 5'11", which places him at
8  the high end of the obese category with a body mass index ("BMI") of 39. Although Defendant
9  self-reports that he is now 302 pounds, Defendant fails to provide medical documentation to
10 confirm his weight gain. Regardless, Defendant still has not shown he is unable to manage his
11 health conditions and minimize his risks through self-care. For example, the CDC recommends
12 that individuals with hypertension take blood pressure medications as prescribed, and
13 Defendant's medical records show he currently takes medication for his hypertension. *See*
14 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html
15 (last visited July 22, 2020). The CDC also recommends that obese individuals take medicines for
16 any underlying health conditions. *See id.* But as the Court emphasized in its previous order,
17 Defendant has not provided evidence that he actually suffers from any other underlying health
18 conditions as a result of his obesity. Further, as of the date of this Order, the BOP reports only
19 eight active inmate cases of COVID-19 and 163 recovered inmates at USP Lompoc. For all these
20 reasons, Defendant again fails to persuade the Court that his medical conditions qualify as an
21 "extraordinary and compelling" reason for release within the context of 18 U.S.C. §
22 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

23       Defendant also asks the Court to revisit its findings that Defendant is a danger to the
24 community and that the 18 U.S.C. § 3553(a) factors do not weigh in favor of such a drastic
25 sentence reduction. Defendant offers no new or different facts to support reconsideration of these
26 findings, but he argues that an intervening decision by another court in this district supports
27 granting Defendant's motion. (*See* ECF No. 91 at 2) (citing *United States v. Richardson*, No.
28 2:17-CR-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020)). However, the Court

declines to reconsider its previous ruling based on *Richardson*, which is factually distinct and not binding on this Court.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration.  (ECF No. 91.)

IT IS SO ORDERED.

DATED:  July 24, 2020

Troy L. Nunley
United States District Judge