UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

OMAR WILLIAMS,

Defendant.

No. 2:13-cr-00383-TLN

**ORDER**

This matter is before the Court on Defendant Omar Williams's ("Defendant") Unopposed[1] Motion for Early Termination of Supervised Release. (ECF No. 106.) For the following reasons, the Court GRANTS Defendant's motion.

On August 3, 2017, Defendant pleaded guilty to Counts 1 of 2 of the Indictment, which charged possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), respectively. (ECF Nos. 4, 60.) On March 1, 2018, Defendant was sentenced to a term of imprisonment of 91 months on Count 1 and 60 months on Count 2, to be served consecutively, for a total term of 151 months. (ECF No. 79.) The Court ordered that upon release from imprisonment, Defendant shall be placed on supervised release for a term of 60

[1] Defendant states the Government has reviewed this motion and has authorized his counsel to notify the Court that the Government has no opposition. (ECF No. 106 at 1.)

months on each of Counts 1 and 2, to run concurrently, for a total term of 60 months. (*Id.*) Defendant's term of supervision started on July 30, 2024. (ECF No. 106 at 1.) On August 18, 2025, the Court adopted findings and recommendations to reduce Defendant's term of supervised release by one year, attributable in part to his successful completion and graduation from Reentry Court. (ECF No. 105.) On August 14, 2026, Defendant filed the instant motion for early termination of supervised release. (*See id.*) As of the filing of the instant motion, Defendant has completed more than two years of supervised release. (*Id.*)

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Defendant requests early termination of supervised release, as he satisfies the required and recommended factors for early termination and a review of the 18 U.S.C. § 3583(e)(1) factors establishes supervision no longer serves the purposes of his sentence. (ECF No. 106 at 4–5.) Specifically, Defendant contends he has complied with all requirements of supervision, has been free of any court-reported violations, and has maintained steady employment, residence, and family life. (*Id.* at 5.)

Defendant asserts he is at low risk for recidivism, as the median time to rearrest for all people with drug offenses is 23 months and Defendant is now approaching the 29-month mark without even a single violation during his supervision. (*Id.* at 6.) Defendant notes he has no need for further programming or treatment and has not been ordered to complete any programs while on supervision. (*Id.*)

Finally, Defendant notes that despite his classification as a career offender under 28 U.S.C. § 994(h), he must be considered for early termination, as he has spent more than 18 months on supervision, demonstrate a reduction in risk, and substantially complied with the

factors in the *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(d). (*Id.* at 7.)

Based on the Government's non-opposition and Defendant's conduct while on supervised release, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e). *See Emmett*, 749 F.3d at 819. Accordingly, Defendant's Unopposed Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF No. 106.)

IT IS SO ORDERED.

Date: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE